UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEY MAGADAN, et al.,<br><br>Defendants. | No. 1:23-cr-00115-NODJ-BAM<br><br>**ORDER** |

This matter is before the Court on Defendants Joey Magadan ("Magadan") and Miguel Barragan's ("Barragan") (collectively, "Defendants") Motion to Dismiss Counts One and Two of the Superseding Indictment.[1] (ECF No. 322.) The Government filed an opposition. (ECF No. 327.) Defendants filed a reply. (ECF No. 328.) For the reasons set forth below, the Court DENIES Defendants' motion.

///

///

///

---

[1] Although not originally a party to this motion, Barragan filed a notice of joinder in which he "adopts the arguments and reasoning contained in Defendant Magadan's motion[.]" (ECF No. 324.)

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Government filed the Superseding Indictment in this case on August 31, 2023, which sets forth several charges against many defendants in this matter. (ECF No. 175.) Relevant to the instant motion, Count One charges Defendants of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) and Count Two charges Defendants of attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5). (*Id.* at 10–11.) On March 3, 2025, Magadan filed the instant motion to dismiss Counts One and Two. (ECF No. 322.) On March 7, 2025, Barragan filed a notice of joinder to join Magadan's motion. (ECF No. 324.)

## II. STANDARD OF LAW

Rule 7(c)(1) of the Federal Rules of Criminal Procedure governs the sufficiency of an indictment and requires that "the indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Supreme Court has held an indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defense, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Bailey*, 444 U.S. 394, 414 (1980); *see also United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The Ninth Circuit interprets this rule to mean than an indictment is sufficient on its face even where it "recite[s] the language of the statute, but fail[s] to allege how the violation was committed or with whom," because a criminal defendant is not entitled at the time of his indictment to know all the evidence that will be presented to prove the government's case. *Id.* "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

2

### III. ANALYSIS

Defendants argue Counts One and Two of the Superseding Indictment do not identify any person Defendants allegedly conspired to or attempted to murder, but instead describes unidentified "suspected members of a rival gang as the alleged victims." (ECF No. 322 at 2.) The Court will first evaluate Count Two and then Count One, as that is the order presented in Defendants' briefing.

#### A. Count Two: Attempted Murder in Aid of Racketeering

Defendants argue both crimes are "VICAR crimes," or violent crimes in aid of racketeering, that require victims to be identified at least by a description. (ECF No. 322 at 2.) Defendants contend that the underlying VICAR crime in Count Two is an attempt to murder under California law, which means the premeditation required to support an attempt must be established as to each person attempted to be killed. (*Id.*) Defendants further contend there is no transferred intent for attempted murder and the defendant must intend to kill a specific alleged victim. (*Id.*) Defendants note there is no zone of danger for attempted murder unless the defendant intended and attempted to kill everyone in the zone. (*Id.*)

In opposition, the Government contends the Superseding Indictment meets the standard to set forth the elements of a VICAR violation. (ECF No. 327 at 6–7.) Specifically, the Government notes Count Two incorporates the entire introductory section of the Superseding Indictment (describing the defendants, the criminal organization, how the organization was a racketeering enterprise, the purpose of the enterprise, the means and methods of the enterprise). (*Id.* at 7.) The Government also notes the Superseding Indictment sets forth the violent crime ("that the defendant attempted to murder"), the alleged victim ("suspected members of a rival gang"), and cites to the appropriate state statutory provisions regarding the predicate offense alleged. (*Id.*) The Government argues that pursuant to *People v. Stone*, 46 Cal. 4th 131, 141 (2009), an "information does not necessarily have to name a specific victim" and that "when a person 'is accused to attempted murder of someone, although not necessarily a specific person, it would be sufficient to allege enough facts to give notice of the incident referred to and that the defendant is charged with attempted murder.'" (*Id.* at 7–8.)

3

The Ninth Circuit has held in the VICAR context "an indictment setting forth the elements of the offense is generally sufficient." *United States v. Toliver*, 380 F. App'x 570, 572 (quoting *United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004); Fed. R. Crim. P. 7(c)(1)). There are four elements to establish a VICAR violation: "(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendant[] committed a violent crime; and (4) that [the defendant] acted for the purpose of promoting [his] position in a racketeering enterprise." *United States v. Banks*, 514 F.3d 959, 964 (9th Cir. 2008) (quoting *United States v. Bracy*, 67 F.3d 1421, 1429 (9th Cir. 1995); *Fernandez*, 388 F.3d at 1220). "The use of a bare bones information — that is, one employing the statutory language alone — is . . . entirely sufficient so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *Toliver*, 380 F. App'x at 572 (cleaned up) (quoting *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)).

Here, the Superseding Indictment adequately establishes the four elements of a VICAR violation in Claim Two. With respect to the first and second elements, the Superseding Indictment more than adequately alleges the operation, organization, and criminal activities of the prison gang Nuestra Familia ("NF"), as well as the racketeering enterprise, the purposes of the enterprise, and the means and methods of the conspiracy. (ECF No. 175 at 2–9.) With respect to the fourth element, the Superseding Indictment alleges Defendants acted "for the purpose of gaining entrance to and maintaining and increasing position in Nuestra Familia and its affiliate organization, the Norteños, an enterprise engaged in racketeering activity[.]" (*Id.* at 11.)

With respect to the third element, which is disputed, the Superseding Indictment alleges Defendants "[f]rom on or about February 27, 2023, through on or about February 28, 2023, in the County of Fresno, State and Eastern District of California . . . knowingly and intentionally attempted to murder suspected members of a rival gang, in violation of California Penal Code [§§] 31, 187, and 664, and did aid, abet, counsel, command, induce, and cause another to commit said offense." (*Id.*) The Government is correct the California Supreme Court in *Stone* has said it is sufficient for a crime of attempted murder "to allege enough facts to give notice of the incident

referred to and that the defendant is charged with attempted murder."[2]  46 Cal. 4th at 141.  The California Supreme Court stated, by way of example, that it would be sufficient to allege a defendant committed attempted murder by stating "that on or about October 21, 2005, he attempted to murder a member of a group of persons gathered together in a parking lot in Lemoore, California" and that a charge like that "would provide adequate notice of the offense of which defendant was accused." *Id.* at 141–42.  In light of this example, the Court finds the Superseding Indictment adequately alleges the third element because it provides Defendants with adequate notice of the offenses of which they are accused.  The Government is also correct the authorities Defendants cite, *People v. Bland*, 28 Cal. 4th 313 (2002) and *People v. Smith*, 37 Cal. 4th 733 (2005), do not support dismissal and "merely confirm that attempted murder requires a specific intent to kill, not that an indictment must identify an intended victim by name or other specific identifier." (ECF No. 327 at 8.)

Accordingly, Defendants' motion to dismiss Count Two is DENIED.

B.     Count One: Conspiracy to Commit Murder in Aid of Racketeering

Defendants contend there is no identified victim of a conspiracy or attempt, there is not even an attempted assault of any identified victim, and no act against any alleged rival gang member is alleged against any defendant.  (ECF No. 322 at 2.)

In opposition, the Government acknowledges Defendants' argument repeats the same argument raised against Count Two but notes Defendants cite no supporting authority.  (ECF No. 327 at 9.)  The Government also largely makes the same arguments as it did for Count Two, but also notes "[i]t is sufficient that Defendants simply agreed to commit a violent crime — specifically the violent inchoate crime of murder conspiracy — motivated by the requisite racketeering purpose."  (*Id.*)  The Government asserts Defendants "fundamentally misapprehend the nature of the VICAR conspiracy charge," as with their charge of VICAR conspiracy there is no need for the Government to allege or even prove the defendant actually committed murder or

---

[2]     Further, while Defendants are correct the California Supreme Court stated in *Stone* that "guilt of attempted murder must be judged separately as to each alleged victim" (ECF No. 328 at 2 (citing *Stone*, 46 Cal. 4th at 141)), that does not change the Supreme Court's conclusion about the sufficiency of what the Government must allege in an information or indictment.

1 | attempted murder. (*Id.* at 10.) The Government notes that it need prove only that Defendants
2 | agreed in the abstract to commit murder with the requisite racketeering motive. (*Id.*)

3 | As stated previously, there are four elements to establish a VICAR violation: "(1) that the
4 | criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the
5 | defendant[] committed a violent crime; and (4) that [the defendant] acted for the purpose of
6 | promoting [his] position in a racketeering enterprise." *Banks*, 514 F.3d at 964.

7 | Here, the Superseding Indictment adequately establishes the four elements of a VICAR
8 | violation in Claim One. With respect to the first and second elements, the Court has already
9 | concluded above in Count Two that the Superseding Indictment adequately alleges the criminal
10 | organization exists and the organization is a racketeering enterprise. With respect to the fourth
11 | element, the Superseding Indictment repeats what is in Count Two and alleges Defendants acted
12 | "for the purpose of gaining entrance to and maintaining and increasing position in Nuestra
13 | Familia and its affiliate organization, the Norteños, an enterprise engaged in racketeering
14 | activity[.]" (*Id.* at 10.)

15 | With respect to the third element, which is also disputed, the Superseding Indictment
16 | alleges "[b]eginning on a date unknown to the Grand Jury, but no later than February 27, 2023,
17 | and continuing to on or about February 28, 2023, in the County of Fresno, State and Eastern
18 | District of California," Defendants "knowingly and intentionally did combine, conspire,
19 | confederate, and agree together and with each other and others to murder suspected members of a
20 | rival gang, in violation of California Penal Code [§§] 182 and 187." (*Id.*) The Government is
21 | correct that there is no need for it to allege or even prove Defendants committed murder or
22 | attempted murder because the underlying crime is conspiracy, an inchoate crime. (ECF No. 327
23 | at 10 (citing *United States v. Fiander*, 547 F.3d 1036, 1042 (9th Cir. 2008) ("It is elementary that
24 | a conspiracy may exist and be punished whether or not the substantive crime ensues, for the
25 | conspiracy is a distinct evil, dangerous to the public, and so punishable in itself.")).) The Court
26 | further agrees with the Government that even though the victims "are not named, they are
27 | sufficiently identified by reference to the date and location of the alleged conspiracy, providing
28 | Defendant[s] with ample notice of the nature of the charge." (*Id.*)

6

Accordingly, Defendants' motion to dismiss Count One is DENIED.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts One and Two of the Superseding Indictment is DENIED. (ECF No. 322.)

IT IS SO ORDERED.

Date: March 21, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE